[Civ. No. 3530.  Second Appellate District, Division One.—June 30, 1921.]

S. JONES, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

[1] WORKMEN'S COMPENSATION ACT—REVIEW OF EVIDENCE—AUTHORITY OF APPELLATE COURT.—The authority of the appellate court in making a review of the evidence heard before the Industrial Accident Commission upon which an adjustment of a claim is made is limited to determining whether there is any evidence to be found in the record which will support the findings as made; in other words, an award will be annulled only where there is no evidence to support it.

[2] ID.—CASUAL EMPLOYMENT—EVIDENCE—FINDING.—Where there is a conflict as to the length of time the work which the applicant for compensation was engaged to do might require, and the testimony of the applicant, who was qualified by reason of his occupation and experience to make such estimate, was that the work would have taken him three weeks or a month, the evidence was sufficient to justify the finding of the commission that the employment of claimant was not a casual one, but was one which reasonably required work extending over a period of more than ten days.

PROCEEDING on Certiorari to review an award of the Industrial Accident Commission.  Award affirmed.

The facts are stated in the opinion of the court.

D. Z. Gardner for Petitioner.

A. E. Graupner for Respondents.

JAMES, J.—*Certiorari* to review proceedings had and award made in the matter of the claim of one Rush heard by the Industrial Accident Commission. Award for compensation in the sum of several hundred dollars was made in favor of Rush against the petitioner here and the latter contends that the findings and award are not supported by the evidence. It is particularly insisted that under the evidence the commission erroneously found that the employment of Rush was not casual. The second contention, which refers again to the evidence, is that the principal injuries for which compensation was awarded were not shown to have been sustained by the claimant while in the employ of petitioner, and that the claim as to such injuries was fraudulent. [1] The authority of this court in making a review of the evidence heard before the Accident Commission upon which an adjustment of a claim is made is limited to determining whether there is any evidence to be found in the record which will support the findings as made. In other words, that an award will be annulled only where there is no evidence to support it. [2] The transcript of the evidence shows, in that part setting forth the testimony given by the claimant Rush, that he was employed by Jones to do certain repair work, the witness' narrative of the conversation occurring at the time of his employment being as follows: "We went upstairs, and there were two rooms there he showed me. He said, 'I want the paper taken off, and both these rooms sealed on the side and the ends.' Well, then I came downstairs, and he said, 'I want you to inclose the sink and put a sink-board over it, and take these windows and fix them so they will move, and put in these two big lights, and fix these doors that scrape on the floor, fix these door-locks and the jambs to the doors; and then I want you to fix outside the railing on that porch, and put the base-board around these rooms, and I want you to fix that toilet—while there is nothing wrong with it, I want you to put a new board in, or do something with it.' And I looked over the whole thing, and I said, 'Mr. Jones, you have a lot of work here,' and he said, 'I know it.' He said, 'I want you to take hold of it, at eight hours a day, and follow it through until it is done; I don't know how long it will take you.' That was the explanation to me. Q. What

about the roof? A. Well, the room was to be ceiled under the roof, the roof was to be covered—I had forgotten that, he said, 'I want you to go over that roof and fix it the first thing because I am afraid it will rain. We will get that done, and then you can do the inside work if it rains.' So I went to work first on the roof. . . . Q. Did you make any estimate of the time it would take you to do the work he said he wanted to have done if you agreed to the schedule you have given? A. It would take me at least three or four weeks to finish what he told me, and I don't believe I could do it in three weeks; I think it would take me a month.'' Under the provisions of the act relating to industrial compensation, if the work contemplated to be done would require more than ten days for its execution then the employment would not be termed "casual," and would be one under which compensation could be claimed in the event of injury. We note immediately that there was a conflict in the evidence as to the length of time which the work Rush was engaged to do might require. There was a conflict first between Rush's statement as to what he was engaged to do and the statement of Jones relating to the same matter. Petitioner Jones testified that he had employed Rush ''by the day and told him I didn't know just how much we would have to do about the place, that I would determine that later as he went along; that the roof was the first thing I wanted him to fix. And he completed the roof, and fell off the house.'' Mrs. Jones, the wife of petitioner, testified that the work ''Mr. Jones intended to have done by Mr. Rush himself took another carpenter a day and a half to do.'' By the testimony of Mrs. Jones it would appear that very much less work was contemplated to be done by Rush than was included in his statement. Rush, according to his own testimony, had only partially completed the roof work, which was the first of the work commenced, when he fell and suffered the injuries complained of. Rush testified further that he had been a carpenter and builder all of his life and had held the position of an architect. This we think qualified him to estimate as he did, and as appears in the testimony first quoted, the length of time which would be required for him to complete all the work which he was employed by Jones to do. From what has been now stated it appears very clearly that there was evidence sufficient to

support the finding of the commission that the employment of the claimant by Jones was not a casual one, but was one which reasonably required work extending over a period of more than ten days. The claim that the injuries, alleged by the claimant to have been suffered as the result of the fall from the roof of petitioner's house, were in fact due to a prior accident not connected with his employment under petitioner, must be considered in the same way. The claimant admitted that at a prior time he had slipped upon a floor and had fallen, but he insisted that he had recovered from any injuries which might have been produced by that fall. The commission had before it evidence as to all of these matters, and also evidence of physicians who had attended the injured man after he fell from the roof of petitioner's house, and the question as to what injuries were then suffered became one of the things to be determined upon that evidence, and we cannot say that the finding reached on that branch of the inquiry was unwarranted.

The proceedings and award are affirmed.

Conrey, P. J., and Shaw, J., concurred.